[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10244
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60185-WPD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY JAMES LESLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2011)

Before EDMONDSON, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Anthony James Lesley appeals his 51-month sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  No reversible error

has been shown; we affirm.

On appeal, Lesley argues that his sentence substantively is unreasonable because the Sentencing Guideline under which his sentence was calculated -- U.S.S.G. § 2K2.1 -- is not based on empirical data and was promulgated without consideration of the 18 U.S.C. § 3553(a) sentencing factors.[*] We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Briefly stated, under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, the guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

---

[*]Lesley received a base offense level of 20 under section 2K2.1(a)(4) because he had one prior felony conviction of either a crime of violence or a controlled substance offense.

We conclude that Lesley's 51-month sentence -- at the bottom of the applicable guidelines range -- substantively is reasonable. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The sentence is well below the 10-year statutory maximum. See 18 U.S.C. § 924(a)(2); United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (concluding that a 28-month sentence was reasonable because, among other things, the sentence was "appreciably below the length of the [180-month] statutory maximum").

In addition, the district court based the sentence on many section 3553(a) factors supported by the record. The court noted the seriousness of gun offenses, the need for the sentence to deter Lesley and others from possessing guns illegally, and the need to protect the public from more crimes by Lesley. The district court also considered Lesley's argument for a sentence below the guidelines range because of the recent birth of his daughter. The record reflected that Lesley earlier had been convicted of four felonies, including armed robbery. On this record, we cannot say that the district court abused its discretion in imposing a guidelines sentence, especially given the violent and serious nature of Lesley's crimes and that Lesley's previous sentences had not deterred him from committing more crimes.

Lesley seeks to have us conclude that his sentence substantively is unreasonable simply because section 2K2.1 is not based on empirical data. But we review only the final sentence, and not the guidelines themselves, for reasonableness; so we need not determine whether section 2K2.1 itself is reasonable under the section 3553(a) factors. See United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007). And contrary to Lesley's argument, a lack of supporting empirical evidence does not in and of itself render a guideline provision invalid. United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010). Instead, a lack of empirical evidence is one factor that the district court can consider in deciding whether to vary downward from the guidelines range. See United States v. Kimbrough, 128 S.Ct. 558, 573-76 (2007) (in the context of the crack cocaine guidelines, explaining that the district court may, but is not required to, deviate from the advisory guidelines in a particular crack cocaine case because the guidelines range for these offenses did not take into account empirical data); Snipes, 611 F.3d at 870. Thus, even if  empirical evidence did not support section 2K2.1, the district court still retained the discretion to sentence Lesley within the guidelines range after considering that range as one of many factors informing its imposition of Lesley's sentence. See id.

Lesley's argument that the district court presumed improperly that the

4

guidelines range was reasonable is unsupported by the record. The district court made no presumption but, instead, made an independent determination that, given the extent of Lesley's prior convictions, and particularly that Lesley had an armed robbery conviction, a four-to-five year sentence was appropriate for Lesley. To the extent Lesley argues that the court gave too much weight to the guidelines range, the decision on how to weigh the factors is within the district court's discretion. United States v. Pugh, 515 F.3d 1179, 1203 (11th Cir. 2008). While "a district court's unjustified reliance on any one section 3553(a) factor may be a symptom of an unreasonable sentence," the district court here did not rely solely on the advisory guidelines range. Id. at 1191.

We cannot say that the within-range sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See id. at 1203.

AFFIRMED.